CATHERINE GOODE, Respondent, v. CENTRAL COAL & COKE COMPANY, Appellant.

Kansas City Court of Appeals, November 25, 1912.

1. NEGLIGENCE: Master and Servant: Mines. Plaintiff's husband was killed by the fall of a large rock from the roof of an entry of a coal mine. He was engaged with other miners in "drawing pillars" or removing walls of coal supporting the roof. They had withdrawn from their work some distance according to plaintiff's testimony, and were eating their lunch when the rock fell. The evidence of defendant tended to prove that the rock had fallen from the roof where the miners were at work. Held, that this issue was properly submitted to the jury.

2. PLEADING: Petition: After Judgment. A petition must be read as a whole, and where it is not attacked until after judg-

ment, should be scanned with a friendly eye and all doubts re-solved in favor of the pleader.

3. ———: **Mines: Master's Duty.** Where the petition does not allege and the proof does not show that the mine was "gen-erating explosive gas" the duty of defendant is not measured by the provisions of Sec. 8447, R. S. 1909, but by the general rule requiring the master to exercise reasonable care to pro-vide his servant a reasonably safe place in which to work.

4. **NEGLIGENCE: Instructions.** An instruction which assumes to cover the whole case, but omits reference to the issues of whether or not the dangerous character of the rock which caused the injury, would have been discoverable to an ordi-narily careful and prudent master in the exercise of due care toward his servant, and that defendant did employ due care in the discharge of his duty as master, is erroneous.

5. ———: ———: **Aggravating Circumstances.** Where there is neither allegation of malice, wickedness or wantonness, nor evidence of any aggravating circumstances, it is improper in an instruction to include the words "having due regard to the mitigating or aggravating circumstances."

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton, Judge.*

REVERSED AND REMANDED.

*B. R. Dysart* and *W. C. Goodson* for appellant.

*D. R. Hughes* and *Burns, Burns & Burns* for re-spondent.

JOHNSON, J.—Plaintiff's husband a coal miner employed by defendant in one of its mines in Macon county, was killed in the mine by a large rock which fell from the roof of an entry and claiming that his death was caused by negligence of defendant, plaintiff brought this action within six months after the death of her husband to recover the damages sustained by her in consequence of the alleged negligence.

The pleaded cause of action is founded on Sec. 5426, R. S. 1909, and the damages claimed are those allowed in Sec. 5427. The answer in addition to a general denial contains pleas of assumed risk and

contributory negligence. Plaintiff prevailed in the circuit court where she recovered a judgment of $5000.

The husband of plaintiff, in company with other miners, was engaged in the work of "drawing pillars." In the preceding stages of the work in that part of the mine, the coal had been removed from entries and rooms and thick pillars or walls of coal had been left standing for the purpose, in part, of supporting the roof. Afterward these pillars were removed to obtain the coal in them. Plaintiff and his fellow servants had been working eight days mining the coal in one of such pillars and just before the event in controversy had been loading coal loosened by blasts from the pillar into tram cars.

The parties agree that it was the duty of miners thus employed to attend to the safety of the place in which they were working and the great weight of the evidence is to the effect that defendant owed such miners the duty of reasonable care to keep all other places such as entries and the like in a reasonably safe condition. The death of plaintiff's husband occurred at the noon hour while he and his companions were at lunch. According to the evidence of plaintiff the men had withdrawn from the place of their work to a place perhaps twenty feet distant therefrom and in the entry, and were seated eating their lunches which they had brought with them, when a rock twelve or fifteen feet long, four feet wide and two or three feet thick fell from the roof, killing the husband of plaintiff.

The main dispute in the evidence is over the fact of the position of this rock before its fall. If, as witnesses for plaintiff insist, the rock was not over the place where the men were at work before noon, there is substantial support in the evidence for the conclusion that it was in a part of the roof under the direct supervision and control of defendant, but if, on the

other hand, the rock was over the place where the men were working, plaintiff cannot recover since the death of her husband should be ascribed to his own negligence in failing to perform one of the tasks of his employment.

Without going into details we content ourselves with the declaration that the contention of each disputant finds substantial support in the evidence. Counsel for defendant lay great stress on the testimony of certain witnesses, among them, the State Mine Inspector who examined the place after the casualty and who stated that the stain of blood and brains left on the floor showed that the place of the killing was less than five feet from the pillar and, therefore, was under the part of the roof which the miners at work on the pillar were bound to keep in a safe condition. Opposed to this testimony is that of fellow workmen of the deceased who assert that they and the deceased were seated from fifteen to twenty-five feet from the pillar and describe the fallen rock as being in a place where it could not have been had it fallen from a position in the part of the roof that was under the control of the deceased and his fellow laborers. To hold, as counsel for defendant insist we should, that the evidence of plaintiff is opposed to the plain physical facts of the situation would require us to give conclusive effect to the testimony of defendant's witnesses descriptive of such facts and to reject as unworthy of belief the contradictory testimony of unimpeached witnesses who give a vitally different description of them. It is only where the testimony of witnesses is opposed to the plain, undisputed and indisputable physical facts of the occurrence in question that it will be rejected by the court as unworthy of belief. Where the physical facts are disputed and disputable such controversy must go to the triers of fact as one of the issues for them to decide. In the present case the question of whether the rock was over

the place where the men had been at work, or was in another place from fifteen to twenty-five feet distant therefrom was a question of fact for the jury to determine.

The learned trial judge committed no error in sending this issue to the jury.

It is argued by counsel for defendant that the petition is so fatally defective it will not support the judgment and our attention is called to the allegation "that the defendant and its officers and agents carelessly and negligently left and permitted the said entry in said mine *at and near* the point where defendant . . . directed the said James V. Goode to work . . . to be unsafe and dangerous," etc. Counsel say that in this allegation plaintiff has pleaded herself out of court since she expressly states that the unsafe place was the place where the deceased was required to work and the proof shows that it was his own duty to keep that place safe. The well-known rule is invoked that a plaintiff will not be allowed to plead one cause and recover on another especially on one contradictory of that pleaded.

A sufficient answer to this argument is found in other parts of the petition which explain and give definite meaning to the expression "at and near." These allegations are to the effect that the deceased had left his working place and had gone "westward to or near the west wall of said main entry for the purpose of eating his lunch," etc. This position coincides with the position the witnesses for plaintiff say the deceased occupied at the time of his death. There is no substantial variance between allegation and proof. The petition must be read as a whole and since it was not attacked until after judgment, should be scanned with a friendly eye and all doubts resolved in favor of the pleader. If defendant thought the two allegations to which we have referred were inconsistent or uncertain, he had his remedy which as to all but fatal

defects must be invoked before answer. A liberal interpretation of the petition brings it into harmony with the judgment and, therefore, the objection of defendant to its sufficiency to support the judgment is overruled.

Further it is argued by defendant that the demurrer to the evidence of plaintiff should have been given for the reason that no proof was adduced tending to show that an inspection of the rock by defendant before its fall would have disclosed the fact that it was unsafe and likely to fall. The cause of action, if any, inuring to plaintiff, of necessity must be grounded on negligence of defendant in the performance of or in the omission to perform some duty it owed its servant.

Since the petition does not allege and the proof does not show that this mine was one "generating explosive gas" the duty of defendant towards its servant was not measured by the provisions of Sec. 8447, R. S. 1909, which require daily inspection of mines "generating explosive gas in which men are employed." [Timson v. Coal Co., 220 Mo. 580.] The duty of defendant was defined by the general rule requiring a master to exercise reasonable care to provide his servant a reasonably safe place in which to work. Just what is reasonable care in a given case is a question generally to be solved in the light of the peculiar facts and circumstances of the case and where they afford room for a reasonable difference of opinion about the characterization of the act alleged to have been negligent, the issue of negligence or no negligence becomes one of fact for the jury to determine. The duty of defendant towards its servant called for the exercise of reasonable care to discover dangerous defects in the entry roof in question and to rectify such defects. That is to say, defendant was duty bound to inspect the roof at reasonable intervals and, on discovering the presence of an insecure rock

or other material, to remove such menace to the safety of its servants whose service compelled them to use the entry. There is evidence tending to show that defendant did not inspect the rock at reasonable intervals and to support a reasonable inference that owing to its size, form, weight, position in the roof and the character of its surroundings, a reasonable inspection would have disclosed the danger of allowing the rock to remain in its overhead position. We think the evidence of plaintiff sustains the charge of negligence and tends to show that such negligence was the proximate cause of her husband's death. The demurrer to the evidence was properly overruled.

We find prejudicial error in the instructions given at the request of plaintiff. One of the instructions is as follows: "The jury are instructed that the sole question in this case for the jury to determine is as to whether or not the deceased, James V. Goode, came to his death while at work in his working place, and if the jury believe and find from the evidence that the deceased was killed by a rock falling from the roof of the entry in a part of the mine that was not his working place while in the exercise of due care, then it will be your duty to find for the plaintiff."

It will be noticed that in this instruction, which assumes to cover the whole case and to direct a verdict, the jury were required to find for plaintiff on the sole hypothesis that her husband was killed by a rock falling from the roof of the entry at a place that was not his working place, without reference to the issues of whether or not the dangerous character of the rock would have been discoverable to an ordinarily careful and prudent master, in the exercise of due care towards his servant, and whether or not defendant did employ due care in the discharge of its duty of mastership. The fact that the rock fell, of itself, was not sufficient proof of negligence. [Wojtylak v. Coal Co., 188 Mo. 260.] The burden was on plaintiff to satisfy

the jury that the rock not only was in a dangerous condition but that such condition would have been discovered by defendant had reasonable care been exercised in time to have prevented the injury. The instruction under consideration ignored that burden and lessened the load the law required plaintiff to carry to the end of the case. The error cannot be deemed cured by the other instructions given at the instance of plaintiff. Assuming to cover the whole case and directing a verdict, the instruction offered a hypothesis which the jury might select to the exclusion of all others; consequently such other hypotheses should not be regarded as curative but as contradictory of that we pronounce erroneous and harmful.

In view of the possibility of a retrial of the case we deem it necessary to say that since the case involves no issues of malice, wantonness or recklessness, but is merely an action for negligence, the instruction on the measure of damages should not present any issue of "mitigating or aggravating circumstances." These words as used in the statute (Sec. 5427, R. S. 1909) are intended to apply only to cases in which it would be proper to allow punitive damages and have no application to other cases grounded in tort. [Boyd v. Railroad, 236 Mo. 54; Barth v. Railway, 142 Mo. 535; Morgan v. Durfee, 69 Mo. 469; Nichols v. Winfrey, 79 Mo. 544.]

The court say in Barth v. Railway, supra: "It is now the settled rule of decision in this court that where there is neither allegation of malice, wickedness or wantonness in the tort complained of, nor evidence of any aggravating circumstances, it is improper in the instruction to include the words 'having due regard to the mitigating or aggravating circumstances.' These words are only proper in a case in which punitive damages or smart money may be allowed. [Stoher v. Railroad, 91 Mo. 509; Parsons v. Railroad, 94 Mo. 286.]"

Our decision in Ogan v. Railroad, 142 Mo. App. 248, relied on by plaintiff is not in conflict with this ruling.

The judgment is reversed and the cause remanded.

All concur.