CATHERINE GOODE, Respondent, v. CENTRAL COAL & COKE CO., Appellant.

Kansas City Court of Appeals, April 6, 1914.

1. PLEADING: Evidence: Failure of Proof. A coal miner was killed by a rock falling from the roof of the mine. If he was killed at his working place, the mining company was not liable; if he was killed at a point not his working place, the company was liable. The petition alleged that he was killed at a point from fifteen to twenty-five feet away from his working place, while the proof tended to show that he was killed outside his working place but nearer to it than fifteen feet. It was held that this was not a failure of proof.

2. **INSTRUCTIONS:    Omitting Issue.**    A petition in an action
for the death of a coal miner alleged that he was killed at a
place which was not his working place.  It was held to be
error to give an instruction for the plaintiff omitting to submit
whether the place he was killed was not the place where he
worked.

3. ————: **Question of Law.**  It is error to submit a question of
law to a jury as to what part of a coal mine the law cast a
duty upon the operator to repair.

4. **ABSTRACT:    Instructions:    Counter Abstract:    Affidavits.** If
an appellant's abstract presents instructions as those given
for respondent and the latter does not object to them by filing
a counter abstract, they will be accepted by the appellate
court as correct; and affidavits that they are not those given
at the trial will not be considered.

Appeal from Macon Circuit Court—*Hon Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*B. R. Dysart* and *W. C. Goodson* for appellant.

*Dan R. Hughes* and *Burns, Burns & Burns* for respondent

ELLISON, P. J.—Plaintiff's action is to recover
damages for the death of her husband who was a miner
engaged in mining coal for defendant.  The judgment
in the trial court was for the plaintiff.

This is the second appeal.  The first is found reported in 167 Mo. App. 169 to which we refer for a general statement of the case.  The petition charges that
deceased while eating his noon lunch "at a point in the
mine from fifteen to twenty-five feet north of his working place", was killed by a large and heavy rock falling
from the roof upon him.  The usual allegations of negligence were charged, in that defendant failed to support and protect the roof at that point. .

Defendant demurred to the evidence in the trial
court and·insists here that it should have been sustained.  It is conceded that if deceased was killed at

his working place, there can be no recovery, since it was his duty to look to the safety of the roof at such place. We have examined the testimony in detail and find, that while it may fairly be said to preponderate in favor of defendant's theory that deceased was killed at his working place, thereby exonerating it from blame, yet there was sufficient evidence to the contrary to justify the trial court in leaving the question to the jury, and so we held when the case was here the first time.

Much of defendant's argument as to failure of plaintiff's proof has been based on the idea that she was compelled literally to sustain the allegation in her petition that deceased was killed between fifteen and twenty-five feet from his working place. There is no good reason for this. The substantial point of controversy was whether deceased was killed away from his working place, where defendant would be liable for the condition of the roof; or, at his working place, where he was supposed to look out for himself and it would not be liable. If he was not at his working place when killed, it is of no consequence whether he was five feet or twenty feet away. It is true that when one specializes in his petition he should be particular in his proof. But that rule refers to the substance of the charge and not to matters of no consequence which could not affect the meaning of what is alleged. If the exact distance affected defendant's liability on the main charge, then it would be proper enough to require proof of plaintiff's specification.

Plaintiff's instructions numbers 2 and 3 are erroneous. The former submits the hypothesis that deceased "was struck by a large slab of rock falling from the roof and side of one of the entries of said mine because of the negligence of the defendant," etc., but omits to submit that it was not his working place. Thus omitting the main controversy between the parties.

179 App. 14

The other instruction submitted to the jury that if they found from the evidence "deceased was killed in that part of the entry in which it was the duty of the defendant company to keep the roof in repair and that defendant failed," etc. There was thus left to the jury to say what part of the roof the law cast the duty upon defendant to repair. No other instruction defined such duty. The instruction should have stated the place so as to hold the jury to a decision whether he was, or was not, killed at a point which was not his working place. This was the sharply contested issue of the trial.

But plaintiff insists that these were not the instructions given at the trial and has filed affidavits in this court to that effect, and has objected to them in her brief. The instructions appear regularly and properly in defendant's abstract of the record. Plaintiff challenged its correctness as to some evidence and filed an additional abstract, setting out that evidence; but she did not question the instructions and we must therefore accept them as the record. The statute (Sec. 2048 R. S. 1909) clearly points out that if an appellant's abstract is not satisfactory to the respondent the latter shall file an additional abstract. If this is not accepted by the appellant he must specify his objection in writing and the original record will be ordered up for inspection by the court.

The judgment is reversed and the cause is remanded. All concur.