Louise C. BENNETT, Respondent,

v.

OWENS–CORNING FIBERGLAS
CORPORATION, Appellant.

No. 77653.

Supreme Court of Missouri,
En Banc.

April 25, 1995.

Thomas G. Hungar, Larry L. Simms, Washington, D.C., Kurt L. Rasmussen, William T. Smith, III, Kay G. Noonan, Kansas City, for appellant.

Brent M. Rosenthal, Dallas, Tex., Mark I. Bronson, St. Louis, for respondent.

HOLSTEIN, Judge.

Plaintiff Louise Bennett brought this wrongful death action against defendant Owens–Corning Fiberglas Corporation (OCF). She sought damages for the asbestos related death of her husband, including damages based on aggravating circumstances. § 537.090.[1] Pursuant to the court's instructions, the jury returned a verdict assessing actual damages of $1,114,000 and damages based on aggravating circumstances at $1,005,000. Because OCF challenges the constitutionality of the statute allowing damages based on aggravating circumstances, this Court has jurisdiction of the appeal. *Mo. Const. art. V, § 3.* Affirmed in part and reversed and remanded in part.

## I.

"A decision to punish a tortfeasor by means of an exaction of exemplary damages is an exercise of state power that must comply with the Due Process Clause of the Fourteenth Amendment." *Honda Motor Co., Ltd. v. Oberg,* — U.S. —, —, 114 S.Ct. 2331, 2342, 129 L.Ed.2d 336 (1994). In *Pacific Mutual Life Insurance Co. v. Haslip,* 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), the United States Supreme Court considered the specific standards that must be met in a common law punitive damages case to comply with due process. There an Alabama jury was given an instruction that punitive damages were given "to punish the defendant" and "for the added purpose of protecting the public by [deterring] the defendant and others from doing such wrong in the future." *Id.,* 499 U.S. at 19, 111 S.Ct. at 1044. This language is very similar to language found in the approved exemplary damages instructions, MAI 10.01, *et seq.* In *Haslip* the Supreme Court concluded that such an instruction accompanied by post-trial safeguards[2] developed by the Alabama Supreme

---

1. All references to statutes are to RSMo 1994 unless specified otherwise.

2. Whether Missouri's post-trial safeguards are adequate to meet a due process challenge is not

at issue here. However, Alabama's post-trial safeguards are similar to Missouri law permitting mitigating circumstances to be considered and are similar to the statutorily resurrected doc-

Court meet the "general concerns of reasonableness and adequate guidance from the court when the case is tried to a jury" to meet the requirements of the constitution. *Haslip* at 499 U.S. at 18–20, 111 S.Ct. at 1043. If aggravating circumstance damages include damages which are punitive in nature, the due process requirements of *Haslip* must be accommodated.

## II.

■ In relevant part, § 537.090 provides that the jury may consider the following in a wrongful death action:

The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable.

From its origins, our wrongful death statute has allowed for a jury to award "damages as they may deem fair and just, ... and, also, *having regard to the mitigating or aggravating circumstances* attending such wrongful act, neglect or default." *Ch. 51, § 4,* RSMo 1855 (emphasis added).

Early cases interpreted the authorization for damages based on aggravating circumstances to allow exemplary or punitive damages. *See Parsons v. Missouri Pac. Ry. Co.,* 94 Mo. 286, 6 S.W. 464, 468 (1888). In *Nichols v. Winfrey,* 79 Mo. 544 (1883), this Court held: "[I]f the circumstances are of an aggravating character, the jury [is] not held to the mere pecuniary injury, but may give punitive damages." *Id.* at 552. In *Goode v. Central Coal & Coke Co.,* 167 Mo.App. 169, 151 S.W. 508, 511 (1912), the court noted that the words mitigating or aggravating circumstances "are intended to apply only to cases in which it would be proper to allow punitive damages...."

At one time it was arguable that the legislature intended aggravating circumstances to authorize an award of not only punitive damages but actual damages for exceptional anguish or pain experienced by the decedent that preceded or accompanied death. However, a 1979 amendment to § 537.090 allows the jury to award "such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued." The quoted language fully covers any pain, suffering and other compensatory damages the deceased may have experienced prior to death. At least since 1979, the damages attributed to "aggravating circumstances" necessarily refers only to punitive damages.

Nevertheless, it is argued that aggravating circumstance damages cannot be fully equated with punitive damages. The cases supporting this argument include *Glick v. Ballentine Produce, Inc.,* 396 S.W.2d 609 (Mo. 1965), *appeal dismissed,* 385 U.S. 5, 87 S.Ct. 44, 17 L.Ed.2d 5 (1966), *Contestible v. Brookshire,* 355 S.W.2d 36 (Mo.1962); *Moreland v. Columbia Mut. Ins. Co.,* 842 S.W.2d 215 (Mo.App.1992); and *Sunshine Realty Corp. v. Killian,* 702 S.W.2d 95 (Mo.App.1985). Each of these cases concedes that aggravating circumstance damages include damages designed to punish. Paradoxically, the same cases indicate that aggravating circumstance damages are not to be clearly distinguished from compensatory damages in the jury instructions or stated separately in the jury verdict. None of the cases considered the 1979 amendment which removed essentially all conceivable damages other than punitive damages from the realm of aggravating circumstance damages. In addition, none of the above cases considered the effect of the due process standards set forth in *Haslip* that would be violated by allowing punitive damages to be awarded without giving the jury appropriate instructions to guide its assessment of such damages. To the extent the holdings in *Glick, Contestible, Moreland* and *Sunshine Realty* are in conflict with the requirements of due process, they are overruled. Because aggravating circumstance damages are punitive in nature, they may only be awarded if accompanied by the due process safeguards as articulated in *Haslip.*

## III.

■ Section 537.090 provides no standards to guide a jury in determining how

trines of remittitur and additur relating to puni-    tive damages. *See § 510.263.6.*

much will be awarded for damages based on aggravating circumstances. However, the lack of standards in the statute does not mean that the statute is unconstitutional. Where possible, courts are to interpret statutes so that they are in harmony with the constitution. *In re Link,* 713 S.W.2d 487, 493 (Mo. banc 1986); *State ex rel. Union Elec. Co. v. Public Serv. Comm'n,* 687 S.W.2d 162, 165 (Mo. banc 1985). Where an otherwise unconstitutionally vague word or phrase is used in a statute but the word or phrase is judicially defined and limited by proper narrowing instructions, the statute will survive a due process challenge. *See State v. Ramsey,* 864 S.W.2d 320, 328 (Mo. banc 1993); *Sidebottom v. State,* 781 S.W.2d 791, 799 (Mo. banc 1989); and *State v. Preston,* 673 S.W.2d 1, 11 (Mo. banc 1984). A statute permitting a jury to award aggravating circumstance damages in a wrongful death case is, like the common law rule permitting an award of punitive damages, not unconstitutionally vague if subjected to proper narrowing jury instructions or other post-trial safeguards.

### IV.

A question arises as to whether an objection to the instructions was preserved. Before the instructions were given to the jury, counsel for OCF objected because the jury was "provided no guidance whatsoever with respect to the notion that the purpose of such damages [is] to deter wrongdoing and to punish conduct." A similar complaint was included in the motion for new trial that the instructions failed to apprise the jury of the purpose, nature and character of aggravating circumstances damages as required by due process. This was sufficient to inform the plaintiff and trial court of the basic flaws in the instructions and to preserve the issue on appeal. *Rule 70.03.* There is no requirement that one objecting to instructions submit correct instructions to preserve the issue on appeal. *Southern Missouri Bank v. Fogle,* 738 S.W.2d 153, 159 (Mo.App.1987).

Perhaps in reliance on *Glick, Contestible,* and other pre-MAI cases, the Supreme Court Committee on Approved Jury Instructions has promulgated an instruction relating to aggravating circumstances in wrongful death cases, MAI 5.01. Because the method for submitting aggravating circumstances in MAI 5.01 fails to give adequate guidance to the jury as to the nature and purpose of aggravating circumstance damages, the trial court properly declined to give the aggravating circumstance paragraph of MAI 5.01. However, rather than instructing as in an ordinary case of punitive damages, the trial court gave a modified instruction based on MAI 10.04.

The instructions given to the jury were as follows:

### Instruction No. 8

If you find in favor of the plaintiff, then you must award the plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff and decedent sustained and plaintiff is reasonably certain to sustain in the future as a direct result of the fatal injury to Fred Bennett.

You must not consider grief or bereavement suffered by reason of the death.

In determining the amount of plaintiff's damages, you are not to consider any evidence of prior payment to plaintiff. The judge will consider any such payment and make an adjustment if required by law.

### Instruction No. 9

If you find in favor of plaintiff under Instruction Number 6, and if you believe that:

First, at the time defendant sold the KAYLO, defendant knew of the defective condition and danger submitted in Instruction Number 6, and

Second, defendant thereby showed complete indifference to or conscious disregard for the safety of others, then in addition to any damages to which you may find plaintiff entitled under Instruction Number 8, you may award plaintiff an additional amount for aggravating circumstances.

Correctly recognizing that aggravating circumstance damages are punitive in nature, the verdict form used by the trial court required that aggravating circumstance damages be set out separately from actual dam-

ages. However, the modified MAI 10.04 used by the trial court omitted the words found in all approved exemplary damages instructions which guide the jury to award "such sum as you believe will serve to punish defendant and to deter defendant and others from like conduct." It is this critical language found in the approved instructions on exemplary damages, MAI 10.01, *et seq.*, that gives a jury appropriate guidance and defeats a claim that a jury award of punitive damages is unconstitutionally vague. *See Carpenter v. Chrysler Corp.*, 853 S.W.2d 346, 365 (Mo.App.1993). The failure of the instruction to give the necessary guidance to the jury was error.

## V.

■ OCF also argues that it was denied the right to present evidence of its financial status to the jury on the issue of aggravating circumstances. It was long ago stated that evidence of the defendant's financial condition is relevant in a wrongful death action involving damages for aggravating circumstances. *Morgan v. Durfee*, 69 Mo. 469, 481 (1879). *See also* § 510.263. Once punitive damages become an issue, remedial and corrective action by defendant or the industry of which defendant is a member and the specific financial condition of the defendant are among factors that may mitigate against assessment of such damages. *See Maugh v. Chrysler Corp.*, 818 S.W.2d 658, 662–63 (Mo. App.1991); *Biermann v. Gus Shaffar Ford, Inc.*, 805 S.W.2d 314, 324 (Mo.App.1991). The trial court erred in refusing evidence concerning defendant's financial condition.

## VI.

■ As a separate matter, OCF complains that the verdict form was in error in failing to set out a separate line for mitigating circumstances when separate lines were used to award aggravating circumstance damages and actual damages. OCF argues "common sense" dictates that the verdict form include a separate line for mitigating circumstances in order to avoid unduly emphasizing consideration of aggravating circumstance damages. When supported by the evidence, a defendant in a wrongful death action is enti-

tled to a mitigating circumstances instruction. *MAI 6.01.* However, under the MAI instructional scheme, verdict forms include amounts of actual or punitive damages awarded and not amounts which were considered but not awarded. Reductions for mitigating circumstances should not be set out on a separate line of the verdict form.

## CONCLUSION

Until such time as new approved instructions are promulgated, the statutory procedure and form instructions relating to punitive damages should be followed whenever a plaintiff desires to submit a claim for aggravating circumstance damages in a wrongful death case. *See MAI 10.01, et seq.,* and *§ 510.263.* The aggravating circumstances paragraph of MAI 5.01 should not be given.

■ Instructional error as to a punitive damages claim warrants a new trial only on that portion of the case but not on other issues relating to actual damages. *Menaugh v. Resler Optometry, Inc.*, 799 S.W.2d 71, 76 (Mo. banc 1990). The judgment for actual damages is affirmed. The judgment as to damages for aggravating circumstances is reversed and the cause is remanded for a new trial on that aspect of the case.

All concur.