EDWARD HUDSON, Respondent, v. WABASH & WESTERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, October 30, 1888.

1. **Pleading : PETITION.** A petition sufficiently states a cause of action, when its averments of specific acts of negligence done by defendant are followed by a general statement of injuries resulting to the plaintiff from such acts.

2. **Damages : NEGLIGENCE.** An action for negligence cannot be maintained, unless it be shown that there was a causal connection between the act of negligence and the injury sustained ; which connection may be established by inferential evidence. Whether a given act be remote or proximate in the chain of causation is generally a question of law for the court. But it would not be proper to take that question from the jury, unless the connection between the negligence and the injury were so remote as to leave no possible ground for a fair-minded opinion that the negligence was the natural cause of the injury.

3. **Damages : NEGLIGENCE : VIOLATION OF MUNICIPAL ORDINANCE : CAUSAL CONNECTION.** Where a standing freight train of the defendant's, in violation of city ordinances, was extended for several blocks along a public street, and so as to obstruct a cross-street used by the plaintiff in passing from his residence to his working place, and the plaintiff in so passing found it necessary to cross over the cars ; and while he was in the act of so doing, the train was suddenly backed, with the effect of inflicting a permanent injury on the plaintiff ; these facts do not fail to show an actionable causal connection between the defendant's unlawful blocking of the street and the injury suffered by the plaintiff while attempting a lawful use of the highway. The plaintiff cannot be regarded as a trespasser, or as chargeable with contributory negligence as a matter of law ; nor can it be claimed that the defendant was under no duty to him until after its discovery of his dangerous position.

4. **Contributory Negligence : BURDEN OF PROOF.** The burden of proof on the question of contributory negligence on the part of the plaintiff in causing an injury to him, lies with the defendant, and cannot be shifted to the plaintiff by a denial of the plaintiff's allegation that the injury occurred without fault on his part.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

AFFIRMED (*and certified to the supreme court.*)

*H. S. Priest*, for the appellant.

The acts of negligence stated in the petition had no causal connection with the plaintiff's injuries—were not proximate causes of the injuries—and the demurrer to plaintiff's evidence should have been given. *Clark v. Railroad*, 39 Mo. 191; *Henry v. Railroad*, 76 Mo. 293; *Brown v. Railroad*, 20 Mo. App. 222; Shearm. & Redf. [4 Ed.] sec. 25, *et seq.*; *Marble v. Worcester*, 4 Gray, 395. The demurrer to plaintiff's evidence should have been sustained because of his contributory negligence. *Railroad v. Pinchin*, 31 Am. & Eng. Ry. Cases, 428; *Stillson v. Railroad*, 67 Mo. 671; *Lewis v. Railroad*, 38 Md. 588; *Gahagan v. Railroad*, 1 Allen, 187; Beach Contr. Neg. sec. 72. It was error to give instruction number three of plaintiff's series, because the petition alleged that the injuries were occasioned "without any fault on his [ plaintiff's ] part," and the answer denied this averment, and thus the issue of plaintiff's contributory negligence was raised. "As the plaintiff averred that the killing was done by the negligence of defendant, without any negligence or fault of plaintiff's husband, and the defendant denied these allegations, the question of negligence on the part of the deceased husband of plaintiff was in issue, and we may assume that there was evidence on this issue, and therefore the court was properly required to instruct on this point." *Karle v. Railroad*, 55 Mo. 482.

*Smith P. Galt*, for the respondent.

Plaintiff's instruction number three is the law. Contributory negligence is an affirmative defense, and must be pleaded by defendant to be available. *Donovan v. Railroad*, 89 Mo. 147; *Thorpe v. Railroad*, 89 Mo. 651; *Petty v. Railroad*, 88 Mo. 306; *How v. Hunt*, 13 West. Rep. 698; *Buesching v. Gas Co.*, 73 Mo. 233. Defendant relies on *Karl v. Railroad*, 55 Mo. 482; but that quesiton was not in controversy in that case, and

the extract quoted from the opinion therein was ill-considered and is not the law. If there was error in the giving of plaintiff's instruction number three, it would be no ground for reversal, as there was no testimony in the case tending to prove contributory negligence on the part of the plaintiff. It was not negligence for the plaintiff, knowing that the train had obstructed the track for more than five minutes, and knowing that there was no watchman or brakeman there as required by law, to believe that they would not move the train without notice, and act accordingly. *Moberly v. Railroad*, 17 Mo. App. 542 ; *Kellog v. Railroad*, 26 Wis. 223 ; *Johnson v. Railroad*, 77 Mo. 551 ; *Buesching v. Gas Co.*, 73 Mo. 232 ; *Barton v. Springfield*, 110 Mass. 131 ; *Snow v. Provincetown*, 120 Mass. 580 ; *Smith v. City*, 45 Mo. 449 ; Thompson on Neg. 1203–1206 ; Shearman & Redfield on Neg. sec. 4. The acts of negligence charged in the petition—the violations of the ordinance, and after so violating it and when so violating it, moving the train without any notice or warning to plaintiff —did cause the injuries, or directly contributed thereto, for without those acts, the injuries would not have been received. The violations of the ordinance were negligence *per se*. *Boggs v. Railroad*, 18 Mo. App. 278 ; *Backenstoe v. Railroad*, 23 Mo. App. 156 ; *Karle v. Railroad*, 55 Mo. 483 ; *Johnson v. Railroad*, 77 Mo. 552.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, while attempting to pass between two cars coupled together and forming part of defendant's coal train standing at right angles across a public street of the city of St. Louis, received permanent injuries owing to the fact that the cars were shoved together with a sudden jolt, and in an action founded on defendant's negligence recovered a judgment, to reverse which this appeal is prosecuted.

As an objection is made to the sufficiency of the petition, and a question is raised as to the issues framed

by the pleadings, we set the petition and answer out in full.

The petition states: "The plaintiff complains of defendant, and for his cause of action states that defendant is now, and was at the times hereinafter mentioned, a corporation engaged in operating cars and locomotives propelled by steam power in the city of St. Louis and state of Missouri, and as such corporation, was duly incorporated under the laws of the state of Missouri; that on the eighth day of November, 1887, there was in force in said city sections 1234, 1235, 1237, 1239 and 1240 of an ordinance of said city, number 14,000, entitled, 'an ordinance in revision of the ordinances of the city of St. Louis, and to establish new ordinance provisions for the government of said city,' approved April 12, 1887, which said sections are in words as follows, to-wit:

"Section 1234. It shall not be lawful for any person or corporation to run any cars in the city of St. Louis, propelled in whole or in part by steam power, along or across any improved street within the city limits, unless said person or corporation shall station at each cross or intersecting improved street a watchman, who shall display at the crossing of cars in the daytime a red flag, and at night-time a red light. Any person or corporation violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof in the police court of the city, shall be fined not more than five hundred nor less than one hundred dollars for each and every offense.

"Section 1235. It shall not be lawful for any person, for himself or in the employ of any person or corporation, whether as engineer, conductor or brakeman, to run, or assist in running, any car or cars propelled in whole or in part by steam, along or across any improved street, unless a watchman is stationed at each and every cross and intersecting improved street, with proper signals, as provided in section one thousand two hundred and thirty-four. Any person violating the provisions of this section shall be deemed guilty of a

misdemeanor, and shall, upon conviction thereof, before the police court of the city, be fined not less than twenty-five dollars nor more than one hundred dollars for each and every offense.

" Section 1237. Whenever the words 'improved streets' occur in this article it shall be construed to mean all streets improved on each and every side of all railroad track or tracks, by being macadamized, or otherwise improved with such other material usually used in the construction or reconstruction of the streets.

" Section 1239. It shall not be lawful, within the limits of the city of St. Louis, for any car, cars or locomotives, propelled by steam power, to obstruct any street crossing, by standing thereon, longer than five minutes, and when moving, the bell of the engine shall be constantly sounded within said limits, and if any freight car, cars or locomotives, propelled by steam power, be backing within said limits, a man shall be stationed on top of a car at the end of the train farthest from the engine, to give danger signals, and no freight train shall at any time be moved within the city limits unless it will be manned with experienced brakemen at their posts, who shall be so stationed as to see the danger signals and hear the signals from the engine. The steam whistles of danger shall in no case be sounded except in giving the usual signals in running trains.

" Section 1240. Any person, persons or corporations violating the provisions of the next two preceding sections, shall be deemed guilty of a misdemeanor, and upon conviction thereof in the police court of this city, shall be fined not more than five hundred dollars nor less than one hundred dollars for each and every offense.

" That on the said eighth day of November, the defendant, unmindful of its duties in that regard, did, by its servants, carelessly and negligently, and in violation of said sections 1234, 1235, 1237 and 1239, commit the following acts, to-wit:

"It did obstruct a street crossing, to-wit, Montgomery street of said city, by permitting freight cars, propelled by steam power, to stand thereon longer than five minutes, and did not cause the bell of the engine to be constantly sounded when moving said cars at the place and time aforesaid, and did then and there back said cars, and did not have a man stationed on the top of the car at the end of said cars, the same being a train of cars, farthest from the engine, to give danger signals, and did then and there move said train of freight cars without it being well manned with experienced brakemen at their posts, and so stationed as to see the danger signals from the engine if any should be made ; and did, then and there, by its servants in charge thereof, run its cars, in said city, across said street, the same being an improved street, as provided in said sections 1234, 1235 and 1237, without any watchman being then and there stationed, as provided for in said sections 1234 and 1235, who might have warned, as it would have been his duty to do, the plaintiff of his danger of being injured as he then and there was, as hereinafter stated, and defendant did, then and there, after having left its cars stand across said street as aforesaid, more than five minutes, negligently move the same without any notice or indication to plaintiff that it was going to do so; that by reason of said careless and negligent acts of the defendant, the plaintiff, without any fault on his part, was caught between two of said cars then and there, and had his foot smashed, torn and broken, so that he has since then been unable to work, to his loss and damage on that account of four hundred dollars, and has been, and will be, put to great expense for medical services, on account of said injuries, to the amount of one hundred dollars ; and did suffer great pain of body and mind, and has been permanently maimed and crippled by reason of said injuries, to his damage in the sum of two thousand dollars, wherefore plaintiff prays judgment for the sum of twenty-five hundred dollars and his costs."

And the said answer is as follows:

"Now comes the defendant in the above entitled cause, by his attorneys, and for answer to the petition of plaintiff therein filed, admits that it is and was on the eighth day of November, 1887, a corporation engaged in operating cars and locomotives propelled by steam power in the city of St. Louis and state of Missouri, and as such corporation was duly incorporated under the laws of the state of Missouri. Defendant denies each and every other allegation contained and set forth in plaintiff's said petition. Wherefore having fulled answered, defendant prays to be discharged with its costs."

The defendant objected to the introduction of any evidence by plaintiff, on the ground that the facts stated in the petition do not constitute a cause of action. The objection was renewed by motion in arrest, and urged in oral argument, although not distinctly specified in the assignment of errors. We consider the general averment in the petition, that the injury was caused by certain careless and negligent acts of the defendant, following as it does the specific acts of negligence complained of, as a sufficient statement of a cause responsible for plaintiff's injuries. To show the connection was matter of evidence which the plaintiff need not set out in his pleadings.

The main complaint against the verdict is, that the plaintiff has wholly failed to show that the defendant's negligence was a responsible cause for the injuries received, and hence the verdict and judgment are not supported by the evidence, and the cause, at the close of the plaintiff's case, should have been withdrawn from the jury.

The only evidence as to the circumstances surrounding the accident and the manner in which it was brought about was the testimony of the plaintiff, who testified in substance as follows:

At the time he received the injuries he was engaged in working at Schulenberg & Boeckler's planing mill, situated on St. Louis avenue, upon the river, just east

of Broadway and east of the defendant's railroad tracks, while he lived south of Montgomery street and west of the defendant's tracks. It consumed eight or nine minutes in going from the mill to plaintiff's residence, and in the route he crossed over defendant's tracks at or near Montgomery street, which last-named street runs east and west, intersecting at right angles the defendant's tracks. On the day plaintiff received his injuries, he left the mill at twelve o'clock sharp to go to his home for dinner; after getting his dinner, he left his kitchen at 12:29, and before he got to his back gate the 12:30 whistle of the mill blew; he proceeded on his return to the mill so far as Montgomery street; while upon Montgomery street, and approaching the railroad crossing, he observed that the street crossing was blocked by a train of coal cars on one of defendant's tracks. In advance of him were two laboring men who, when they approached to the train across the street, mounted between the cars and passed over. When, however, plaintiff got to the train, he stopped and waited for about eight minutes, when he heard the 12:40 whistle at the mill blow; then he put his hands on the projections of two cars attached together over the crossing, and tried to jump over; in doing so, his right foot came just behind the coupling-pin of the draw-bar of one car, and his left foot just behind the coupling-pin of the draw-bar of the other car, and as he had his feet in that position the cars were forced together by the train moving backward, and caught his right foot and mashed it; in a minute or two the cars gave a reverse slack and released his foot, and he jumped down on the opposite side of the train and waited until the train pulled out, when he got upon some improvised crutches and made his way home. At the time the plaintiff jumped upon the car, he could see that the train extended as far north as two or three blocks; he saw no engine attached, and could not see the northern terminus of the cars; neither did he hear any engine attached to the cars, nor did he know what power propelled the

two cars together. He knew the trains on those tracks were propelled by steam. There was no watchman at the crossing, no bell was rung, no warning signal was given, nor was any man stationed on the rear car. The southernmost part of this coal train extended some fifty or sixty feet south of Montgomery street crossing, where it joined a train of box cars, which extended for two or three blocks farther south, so that plaintiff could not, from his standpoint at Montgomery street, see the terminus of the connecting line of cars in either direction.

This evidence, and the evidence of another witness who testified that the railroad track in question was used as a store track into which cars coming by boat were shoved, and from which they are removed by defendant's engines from time to time, as occasion requires, was all the evidence except such as bore upon the extent of the injuries received by plaintiff.

The defendant, at the close of this evidence, requested the court to instruct the jury to find for the defendant, which instruction the court refused. The defendant offered no evidence, but asked the following further instructions, which the court also refused:

"2. The court instructs the jury that the provisions of sections 1234 and 1235 of the ordinance read in evidence, requiring railroad companies to station, at intersecting and improved streets, a watchman to display a red flag in the daytime and a red light at night, were not designed for the protection of persons attempting to climb, or climbing between the cars of the train at such intersection, and you are therefore directed to disregard in this case said sections of said ordinance.

"3. Even should the jury believe it to be proven that the defendant's servants stood one of its trains of cars across Montgomery street longer than five minutes, yet that did not authorize the plaintiff to climb between the said cars; and the defendant is not liable to the plaintiff in this suit for any injuries which he may have sustained solely by reason of the train so standing across said Montgomery street.

"4. The court instructs the jury that the provisions of section 1239 of the ordinance read in evidence, which requires the bell of engines propelled by steam power to be constantly sounded within the limits of the city of St. Louis when such engine is in motion, and the further provisions of said section, that a man shall be stationed on top of a car at the end furthest from the engine of a backing freight train to give danger signals, and the further provisions of said section that no freight train shall at any time be moved within the limits of the city, unless it be well manned by experienced brakemen at their posts, so stationed as to see danger signals and hear the signals of the engine, are not designed for the purpose of warning or protecting persons from attempting to climb between trains across improved streets, and the jury therefore are instructed to disregard said provisions of said section 1239."

We may concede at the outset the correctness of the proposition contended for by the defendant, that its negligence cannot subject it to any liability unless such negligence directly contributed to the accident complained of. There must be a causal connection shown in these cases between the negligence and the accident, and the mere fact that the former in point of time preceded the latter does not of itself establish the causal connection, although it is the settled law of this state that such connection may rest upon inferential evidence. *Buesching v. Gaslight Co.*, 73 Mo. 219 ; *Keim v. Union Ry. & Transit Co.*, 90 Mo. 314. Where there is no conflict in the testimony and all the causes contributing to produce an injury are known and unquestioned, says Judge Hough in *Henry v. Railroad*, 76 Mo. 293, "it is a question of law for the court whether a given act in the chain of causation is the remote or proximate cause of such injury," but as was properly said in *Dunn v. Cass Av. Railway Co.*, 21 Mo. App. 198, in order to justify the court to take that question from the jury the connection between the act of negligence and the accident must be so remote as to leave no ground for a difference

of opinion between fair-minded men that the negligence was not the natural cause of the damage.

Here the evidence shows that the defendant's train obstructed the street for blocks above and below Montgomery street, leaving no open space through which pedestrians using that street could pass with safety. That this was in a populous part of the city, at the hour of noon when the workmen passing to and fro from their work were compelled to make use of this street as the only thoroughfare to reach their destination, unless they made a detour of several blocks. We are not prepared to say that under these circumstances an attempt on the part of passers-by to surmount the barrier erected by the defendant was an occurrence so improbable, or a result so unnatural, that the defendant was under no obligation to anticipate it, or guard against it, and that therefore its negligence was not the proximate cause of the accident.

Nor are we prepared to admit, as the defendant claims, that the plaintiff was a trespasser, and that it was under no duty to him beyond averting damage to his person after his dangerous position was discovered. At the time of the accident the plaintiff's right to the use of the street was superior to that of the defendant, and that applied to every part of the street, unless we are prepared to concede the proposition that one who erects an illegal obstruction in a street acquires a property right in maintaining the obstruction, and that no one can surmount it without becoming a trespasser.

This disposes of the complaint that the testimony fails to show a causal connection between the negligence charged and the injury complained of. The next complaint is that the court erred in refusing to take the case from the jury because an unavoidable inference of negligence on part of plaintiff arises from his own testimony. It was held in *Mahoney v. Railroad*, 114 Mass. 75, "that the fact that the plaintiff saw the obstruction erected by the defendant, and knew its dangerous character, is not conclusive proof that he was negligent in attempting to pass it. A person who in the lawful use

of a highway meets with an obstacle may yet proceed if it is consistent with reasonable care to do so ; " and this is generally a question for the jury, depending upon the nature of the obstruction and all the surrounding circumstances. We are not aware that the proposition thus stated has been questioned in this state. In *Stillson v. Railroad*, 67 Mo. 676, to which we are cited by defendant, the facts were essentially different. The injury there did not occur at any street crossing, but as Judge Napton says, on a part of the track where there was not even a private or occasional pathway, and where defendant had a right to presume that no one would attempt to cross. While it appeared there that the street was also obstructed, it did not appear that the obstruction at the time was unlawful, nor was the omission of any act by the company shown imposed upon it as a duty either by a statute or municipal regulation. In the case at bar, the obstruction was admittedly unlawful, the defendant might well presume that people would attempt to cross it, and the plaintiff was not a trespasser, but in the lawful use of the highway.

It is next to impossible to formulate a rule on the subject as to what evidence of negligence will debar a plaintiff from recovery, since each case must be governed by surrounding circumstances. The rulings of the supreme court, owing to this inherent difficulty, have been far from uniform on the subject. In fact that court has refined upon and conditioned the question to such an extent, that it admits of serious doubt whether the defense of contributory negligence is of any practical value to any railroad company in this state. The last controlling decision, and as such binding upon us, regardless of our individual views, is that of *Kelley v. Union Ry. & Transit Co.*, 90 Mo. 314, affirming s. c., 18 Mo. App. 151. There a track-repairer, who was injured by colliding with a passing train, was held as not debarred from recovery although his negligence was conceded. It was shown that, the company was negligent in not complying with the requirements of the ordinances. I was of opinion that, as the plaintiff's

own evidence showed that the track was clear, that there was nothing to prevent him from seeing the approaching train, that moving trains never stop for track-repairers, it being presumed that the latter are on the outlook and will get out of the way in time, without being signaled, the rule which required those on the train to guard against injury to those negligently on the track, could have no application, but the supreme court held otherwise. That case is similar to the present in many respects, and under its authority we are certainly not prepared to say that the plaintiff in this case was guilty of such contributory negligence as debarred him from recovery as a matter of law.

The sole remaining question is whether the court erred in refusing to submit to the jury the question of contributory negligence. The plaintiff's petition states that, "by reason of said careless and negligent acts of the defendant, the plaintiff, without any fault on his part, was caught," etc. The answer is simply a general denial of the petition.

The court, at the instance of plaintiff, gave the following instruction among others: "The court instructs the jury that the defendant has not pleaded as a defense in this case any contributory negligence on the part of the plaintiff, and therefore the question whether the plaintiff himself was negligent or not, is not before the jury and must not be considered by it."

The appellant contends that this was error. That the plaintiff having averred in his petition that he was caught without any fault on his part, and the defendant having denied the fact, an issue was raised which the court could not withdraw from the jury. In support of this view the old common-law distinction between allegation of matter of substance, and matter of essential description is invoked. Stephens, in his standard work on Pleadings, page 425, says, that when material matter is alleged with an unnecessary detail of circumstances, and the essential and non-essential parts of the statement are in their nature so connected as to be incapable of separation, the opposite party is entitled to include under

his traverse, the whole matter alleged. The conse-
quence is that the party who has pleaded with such unnec-
essary particularity has to sustain an increased burden
of proof." But even at common law this had reference
only to material matter alleged with an unnecessary
detail of circumstances, and never to matter immaterial
to plaintiff's right of recovery and constituting strictly
matter of defense.

If this were a case of matter of essential descrip-
tion, then under the common-law rule, not only would
an issue have properly been raised by a simple denial,
but the burden of proof would have been shifted, on
the question of contributory negligence, from the
defendant to the plaintiff, because that is the rule as to
matters of essential description. Yet it is well settled
in this state that the burden of proof on the question
of contributory negligence rests with the defendant,
and that burden cannot on principle be changed by the
mere form of the pleadings. That the burden of proof
on that issue lies with the defendant is settled by a
number of adjudications in this state. *Buesching v.
St. Louis Gas Light Co.*, 73 Mo. 233; *Petty v. Railroad*,
88 Mo. 306; *Thorpe v. Railroad*, 89 Mo. 650; *Donovan
v. Railroad*, 89 Mo. 147; *O'Connor v. Railroad*, 94
Mo. 150.

But whatever might have been the result at common
law, we cannot see how under the code this question
can admit of substantial dispute. The statute provides
the answer of the defendant shall contain, first, a special
denial of each material allegation of the petition con-
troverted by the defendant, second, a statement of any
new matter constituting a defense. In construing this
section, the supreme court held in *Northrup v. Miss.
Val. Ins. Co.*, 47 Mo. 444, that "the defendant by
merely answering the allegation in plaintiff's petition
can try only such questions of fact as are necessary to
sustain the plaintiff's case. If he intends to rely upon
mere matter which goes to defeat or avoid the plaintiff's
action, he must set forth in clear and precise terms each
substantial fact intended to be so relied on. It follows

that whenever a defendant intends to rest his defense upon any fact which is not included *in the allegations necessary to the support of the plaintiff's case*, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial." This view was reaffirmed in *Kersey v. Garton*, 77 Mo. 645, 647.

In *Karle v. Railroad*, 55 Mo. 482, the plaintiff averred that the killing was done by the negligence of the defendant, without any negligence or fault of plaintiff's husband, and the defendant denied the allegation. The supreme court held that this put the negligence of plaintiff's husband in issue, and the court was properly required to instruct on that point. Since the judgment in that case was for the plaintiff, and affirmed by the supreme court, the question as to whether the court committed error prejudicial to the plaintiff in instructing on the question of contributory negligence, could not possibly be involved in that case; the remark is therefore purely *obiter*, and unnecessary to the decision of the points there involved, and the decision is not a controlling decision on that point.

The views herein expressed necessarily result in an affirmance of the judgment of the trial court, but as one of the judges of the court is of opinion that this decision is opposed to the previous decision of the supreme court in *Stillson v. Railroad*, 67 Mo. 676, it is ordered that the cause be certified to the supreme court for final hearing and determination, under section 6, of the constitutional amendment concerning the judicial department, and that until such final determination is had, all further proceedings herein be stayed. All the judges concur.