## A. L. MORGAN, Defendant in Error, v. SUNFLOWER ZINC COMPANY, Plaintiff in Error.

Springfield Court of Appeals, December 20, 1917.

1. **TRIAL: Demurrer to Evidence: Hearing and Determination.**   In passing upon a demurrer to the evidence, every reasonable inference of fact arising from the evidence and tending to establish plaintiff's case is to be taken as true.

2. **MASTER AND SERVANT:** Actions for Injuries: Questions for Jury. Where an employer had an appliance for prying or wedging apart shafts in order to tighten belts which worked on the principle of a lever requiring a man to press downward on the end of a gas pipe, and the appliance was not bolted at a place where it could slip off, and if it did slip off would permit the employee to fall to the floor, it was a question for the jury whether the manner in which the employer permitted it to be used was a reasonably safe method.

3. ———: ———: Issues: Contributory Negligence. Where the jury found that an appliance in the nature of a lever was not reasonably safe, and there was no affirmative plea of contributory negligence, the employer could not escape liability, unless an injured employee was guilty of contributory negligence on the theory that the danger was so apparent and glaring that no ordinarily prudent man would have placed his weight on the lever, knowing its condition

4. ———: Liability for Injuries: Contributory Negligence. Though an employee suspects that an instrumentality is defective, he has the right to rely on the superior knowledge of his master, and it is only where the danger is so imminent that no ordinarily prudent man would undertake the work, regardless of what the master said about it, that he is barred on account of contributory negligence in continuing to use the instrumentality after being assured by the master that it is safe to proceed with the work.

5. ———: ———: ———. Where an employee called his foreman's attention to the defect in a lever making it likely to slip, the foreman's statement that he guessed it was safe, and for plaintiff to continue pressing down on the lever, could not be construed by the employee as anything less than an assurance that his fear of danger was ill founded, and that he could safely proceed with the work.

6. **PLEADING:** Matters to be Proved: Unnecessary Allegations. Where the petition in an employee's action for injuries charged negligence concerning the defective condition of an appliance, an allegation negativing his knowledge of the dangerous and negligent condition was unnecessary and redundant, and merely anticipated the defense of contributory negligence, and did not throw on plaintiff the burden of maintaining such unnecessary allegation.

7. **MASTER AND SERVANT:** Actions for Injuries: Instructions: Conformity to Issues. Where a petition charging negligence on the part of an employer respecting the defective condition of an appliance alleged that plaintiff did not know of the defective condition, an instruction authorizing a recovery if the danger was called to the foreman's attention by the employee, and if the foreman negligently assured the employee that there was no danger, was not erroneous as changing the issue made by the pleadings.

as the foreman's order and his failure to warn the employee was material only as negativing contributory negligence.

8. ———: **Liability for Injuries: Time and Opportunity for Discovery of Defeats.** Where an employer's negligence consisted in ordering an employee to proceed with a negligently constructed appliance after knowledge of the defective condition of the appliance had been brought home to the foreman giving such order, the right of the employer to a reasonable time within which to discover the defect and repair it did not arise.

Error to Jasper Circuit Court.—*Hon. R. A. Pearson,* Judge.

AFFIRMED.

*Sheppard & McCammon* for plaintiff in error.

*Wolfe & Burnett* for defendant in error.

FARRINGTON, J.—The plaintiff in error comes to this court complaining of a judgment for $700 against it in a suit filed by the defendant in error on account of personal injuries based on a petition alleging negligence on the part of the plaintiff in error is not furnishing a reasonably safe and suitable appliance with which it ordered the defendant in error to work as its employee. A part of a finger and the bone in one thumb were lost on account of the injury and no claim is made that the verdict is excessive.

I. It is first contended that the trial court erred in refusing an instruction directing a verdict in the defendant's favor at the close of the trial. This requires a brief statement of the plaintiff's evidence, in approaching which, the rule should be stated that in passing upon a demurrer to the evidence every reasonable inference of fact arising from the evidence is to be taken as true which tends to establish the plaintiff's case. [Hall v. Manufacturers Coal and Coke Co., 260 Mo. 1. c. 365, 168 S. W. 927.]

Without going into detail it is sufficient to say that the plaintiff's evidence shows that he was an employee

of the defendant working under the direct personal observation of its foreman; that defendant had an appliance by which it tightened certain belts in its mill by prying or wedging apart the shafts; that the appliance worked on the principle of a lever which required a man to take hold of the end of a gas pipe and press downward; that this appliance was not bolted at a place where it could slip off, and that if it did slip off at the time an employee was bearing his weight on the end of the lever—which was a gas pipe—it would permit him to fall to the floor of the mill; that plaintiff noticed it was slipping and that there was only about an inch left upon which it would be held up; that he called the attention of defendant's foreman to it, and that the foreman looked at it and said he would bolt it but that he guessed it would hold in order to tighten the shaft, and thereupon ordered the plaintiff to press down on the gas pipe so that a wedge might be driven in to hold the machinery apart, which wedge was driven or started to be driven by the foreman.

The charge of negligence in the petition was that defendant had negligently and carelessly failed to have the board or plank securely fastened, and that it had been in that condition for a long time, and that defendant knew of the same or could have known by the exercise of ordinary care. It is further alleged that plaintiff exercised reasonable care in the performance of his work, to which allegation we will refer in discussing an instruction.

The plaintiff in error charges that the condition of this appliance was open and obvious, that it was known to the plaintiff, and that a man of ordinary prudence would not have continued to remain in the position in which plaintiff was knowing that the lever upon which his entire weight was resting was liable to slip at any time, citing Trainer v. Sphalerite Mining Co., 243, Mo. 359, 148 S. W. 70. The facts of that case are easily distinguished from those in our case. There the servant was furnished with a num-

ber of pieces of dynamite to be used by himself. There was no request made for another piece of dynamite, to be used in place of the one he did use, nor was there any assurance or direction on the part of the master to use the particular piece which injured him. In the case at bar the evidence of plaintiff shows that he did know or suspect that the lever 'was likely to slip off which would permit him to fall with his weight on the end of it, and he called the attention of the defendant's foreman to this condition who looked at it and told him he guessed it would hold and to press down on it. It was for the jury to say whether the manner in which the defendant permitted this lever to be used was a reasonably safe method. The jury having found that it was not a reasonably safe method, but negligent, the only escape from liability under the Missouri decisions would be that plaintiff was guilty of contributory negligence on the theory that the danger was so apparent and glaring that no ordinarily prudent man would have placed his weight on the lever knowing its condition, there being no affirmative plea of contributory negligence. And in passing on this question it will not do to say that a servant is guilty of contributory negligence as a matter of law because he suspects that an instrumentality is defective and dangerous and continues to use it after he has been assured by the master that it is safe to proceed with the work; he has a right to rely on the superior knowledge and judgment of his master; and it is only in those cases where the danger is so imminent that no ordinarily prudent man would undertake the work regardless of what the master said about it that he is barred on account of contributory negligence. An instruction embodying the above declaration of the law was approved in Swearingen v. Consolidated Troup Mining Co., 212 Mo. 524, 111 S. W. 545. In the case at bar plaintiff showed that some twenty minutes before he was ordered to press down on this lever he had called the foreman's attention to the defect which did in fact injure him later. By the foreman then say-

ing that he guessed it was safe and ordering plaintiff to press down on the lever could be construed by no servant whose duty it is to obey his master as anything less than assurance that his fear of danger was ill-founded and that he could safely proceed with the work. The following cases involve questions kindred to the one under discussion: Duerst v. St. Louis Stamping Co., 163 Mo. l. c. 621, 622, 63 S. W. 827; Hall v. Manufacturers Coal and Coke Co., 260 Mo. 351, 168 S. W. 927; Erwin v. Missouri & Kansas Tel. Co., 173 Mo. App. 508, 158 S. W. 913; Bliesner v. Riesmayer Distilling Co., 174 Mo. App. 139, 157 S. W. 980; Goode v. Central Coal & Coke Co., 167 Mo. App. 169, 151 S. W. 508. We therefore hold that under the facts stated the plaintiff should not be barred from recovering on account of contributory negligence as a matter of law and that the court committed no error in overruling defendant's instruction directing a verdict.

II. It is urged that the first instruction given for the plaintiff submitted an entirely different issue from that counted on in the petition. It is claimed that this instruction casts liability on the defendant if the jury found that the possibility of the slipping of the timber was suggested to the foreman and that the foreman negligently assured plaintiff the timber would not slip—the point being that the petition charges that plaintiff did not know of the defective condition of the appliance and that defendant did know of it or could have known of it by the exercise of reasonable care and failed to warn plaintiff, whereas plaintiff's evidence discloses that the appliance was in a condition that made him question its safety to the extent of causing him to call the foreman's attention to the defect.

The petition contained a sufficient charge of negligence concerning the defective condition in which the master had permitted this appliance to become, and the knowledge or ignorance of plaintiff of this condition would arise on a plea of contributory negligence.

[Hall v. Manufacturers Coal and Coke Co., 260 Mo. l. c. 358, 168 S. W. 927.] Plaintiff merely anticipated such a defense by inserting in his petition the unnecessary and redundant allegation that he did not know of the dangerous and negligent condition. Because the plaintiff in a personal injury suit negatives the fact that he was guilty of contributory negligence does not throw the burden on him of maintaining such unnecessary allegation. [Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907; Hudson v. Wabash Western Ry. Co., 32 Mo. App. 667; s. c., 101 Mo. 13, 14 S. W. 15.] The charge in the petition and the finding to be made in the instruction was as to whether the condition the appliance was left in was a negligent act, and under the facts of this case where the foreman assured plaintiff that it was safe and ordered him to use it, the further finding in the instruction relating to the order of the foreman and the failure to warn plaintiff became material only as negativing contributory negligence and certainly does not change the issue made by the pleadings and sustained by the evidence. As before stated, the fact that plaintiff knew that the appliance was, in a way, defective, did not charge him with knowledge that it would be negligence to use it, and this especially where he was assured by the foreman that it was safe.

III. It is next urged that the first instruction is erroneous in that it does not require the jury to find that the defect was known in time, by the exercise of ordinary care, to have prevented the slipping. There are cases where such finding is necessary but they are not cases where the foreman's attention was called to the defect and he pronounced the appliance reasonably safe. The negligence consisted, when he did know of it, in ordering the plaintiff to proceed with a negligently constructed appliance—the knowledge having been brought home to the foreman; and the right of the defendant to insist on a reasonable time within which to discover a defect and repair it cannot arise

in a case wherein it is shown that the defect is known to the master before the order is given to use it in the known defective condition.

Finding no error in the record, the judgment is affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.